Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DANA GILINSKY, an Individual, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** |
| v. | Prayer: $235,000.00 |
| ASANTE, dba ASANTE HEALTH SYSTEM, a corporation, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendant. | JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Dana Gilinsky, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Asante.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Dana Gilinsky, lives in Jackson County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on June 28, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Jackson County, Oregon.

3.

At all times material to this Complaint, Defendant Asante was regularly conducting business in the State of Oregon, specifically at the Asante Black Oak Medical Clinic in Medford, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked without incident for approximately five years as a Licensed Practical Nurse at Defendant's facility, an Urgent Care Clinic. During the COVID-19 pandemic, worked with COVID-19 patients, including administering antibody treatments to patients in their cars in the parking lot. Throughout her employment, Plaintiff received consistently good feedback from her supervisor, co-workers, and patients.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian

faith and is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

As a Licensed Practical Nurse focused on direct patient care, Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that she may become infected with the virus.

10.

Despite those risks, Plaintiff continued to provide an exceptional quality of work at the Defendant's hospital. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients.

11.

For eighteen months, Plaintiff scrupulously followed clinic rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

12.

In the summer of 2021, Defendant announced it would be implementing and enforcing a

COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body per her interpretation of her faith in God and the Bible. She is pro-life and believes that God recognizes children at the point of conception. Her beliefs did not allow her to take the COVID-19 vaccines as aborted fetal cells were used for the testing or development of the vaccines. On or about October 8, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

13.

Although Plaintiff's requested religious exemption was accepted, she was placed on unpaid leave on October 19, 2021. Plaintiff requested to be allowed to continue to work, including suggesting that she could work from home, or even work exclusively with COVID-19 positive patients, but no accommodation was made. In March 2022, a coworker who had moved to a clinic in Ashland reached out to Plaintiff with a remote position, and she was given temporary accommodation to work from home. Plaintiff worked from home from March 16, 2022, until June 3, 2022. Plaintiff was again placed on unpaid leave and was terminated on July 2, 2022, despite being willing to work.

14.

Prior to being placed on unpaid leave, Plaintiff was subjected to a hostile work environment. During staff phone meetings, both providers and administrators spoke poorly of individuals that were not vaccinated. One of the providers Plaintiff worked with spoke negatively of the patients that were not vaccinated. Plaintiff reported her negative interactions to Human Resources, but apart from a follow up call, no action was taken.

15.

Plaintiff has endured mental and emotional stress and upset. The treatment and termination

from Asante has been one of the hardest things that Plaintiff has had to go through in her life. Plaintiff became a nurse in 2021 after her mother became sick with cancer, after she was inspired by the nurses that she encountered. She loved to make a difference in someone's life and cared deeply for her patients. Plaintiff has not been able to obtain other employment that fits with her family's schedule. At Asante she had seniority and was able to have a schedule that complimented her family commitments.

16.

The termination of Plaintiff's pay and retirement benefits has had a significantly negative impact on her life. Prior to her termination, Plaintiff was earning approximately $27.83 hourly for an annual salary of approximately $34,000.00. Plaintiff and her husband were forced to refinance their home due to the loss of Plaintiff's income.

17.

The Defendant has yet to explain why, in its view, after a year of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave, and then terminated.

18.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as it has claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

19.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and

stigmatized unfairly for her religious convictions.

20.

### FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion
### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

22.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

24.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave, and then terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

25.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred

Page 6 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

economic damages of no less than $85,000.00, or an amount to be determined at trial for wage and benefit loss, and for non-economic damages of at least $150,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

26.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

27.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

28.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

29.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

30.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff on unpaid administrative leave, then termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful

termination.

31.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic damages of no less than $85,000.00, and for non-economic damages of at least $150,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 26th day of September, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff